UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERRICK TYRONE SMITH,

    Applicant,

v.                               CASE NO. 8:06-cv-1330-SDM-SPF
                                      **DEATH PENALTY**

SECRETARY, Department of Corrections,

    Respondent.

_____/

**ORDER**

    Smith applies under 28 U.S.C. § 2254 for the writ of habeas corpus and
challenges both his murder conviction and his death sentence.  An earlier order
determines that new briefs are warranted both because this action was re-assigned
upon the retirement of the formerly assigned judge and because the parties' briefs
were two or more years old.[1]  The respondent timely filed an amended response.
(Doc. 187)

    Smith's subsequent papers (Docs. 192 and 193) were stricken for failing to
comply with the earlier order.  Smith's latest reply (Doc. 196) still fails to comply.
Two months after the latest reply the Capital Habeas Unit of the Federal Defender of
the Middle District of Florida ("CHU") both noticed the death of Smith's counsel,
who was appointed under the Criminal Justice Act ("CJA"), and moved for

---

[1] The order specified that "the new briefs must not incorporate or otherwise rely upon the
earlier briefs." (Doc. 186 at 1) The obvious purpose of the order is to obtain updated briefs without
requiring a review of both the earlier briefs and the updated briefs.

appointment as substitute counsel. An endorsed order (Doc. 199) grants the motion. Pending are respondent's motion for reconsideration of the order appointing CHU and Smith's (through CHU) response. (Docs. 201 and 202)

Both parties rely on *Booker v. Sec'y, Dep't of Corr.*, 22 F.4d 954 (11th Cir. 2022). The respondent relies on the concurrence for the proposition that the district court erred when it appointed CHU "without first making a determination that Booker's counsel provided by the state . . . was not 'adequate representation.'" *Id.* at 960. Smith relies on the holding that "the State does not have Article III standing" to object to the appointment of CHU. *Id.* at 959. The respondent's position is undermined by the concurrence's beginning by agreeing that the state lacks standing.

*Booker* is factually similar because in both instances CHU was appointed following the death of appointed counsel, but *Booker* is also procedurally distinguishable because (1) the district court appointed CHU to represent Booker in a state post-conviction proceeding but CHU's appointment in this case is for the present Section 2254 application; and (2) the district court appointed CHU to represent Booker after the state had appointed replacement counsel but Smith had no appointed counsel when the earlier order appointed CHU.[2] Replacement counsel for Smith was appointed by the state court, not because a state post-conviction proceeding pends, but because state law requires that a capital defendant have post-conviction counsel.

---

[2] CHU was appointed on March 28, 2022. (Doc. 199) Replacement counsel was appointed by the state court on April 5, 2022. (Doc. 201-1 at 2)

Respondent's motion (Doc. 201) is **STRICKEN FOR LACK OF STANDING**. Smith's reply (Doc. 196) is **STRICKEN** for failing to comply with the earlier orders. (Docs. 186 and 194) Smith has **SIXTY DAYS** to file an amended reply. The earlier imposed administrative closure (Doc. 186) is **LIFTED**. The clerk must **RE-OPEN** this case.

ORDERED in Tampa, Florida, on May 19, 2022.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE